UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTOPHER B. CARLILE,

      Plaintiff,
v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

      Defendant.
_____)

## COMPLAINT

The Plaintiff, CHRISTOPHER B. CARLILE ("CARLILE"), by and through his undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. CARLILE brings this action to recover disability insurance benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. CARLILE was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the Commonwealth of Pennsylvania that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to CARLILE by LINA.

6. CARLILE was at all times material an employee of or former employee of AECOM.

7. By way of his employment with AECOM, CARLILE was at all times material a plan participant under Group Long Term Disability Insurance Policy FLK-980193 (the "Disability Policy"), which is a group long term disability insurance policy issued by LINA to TRUSTEE OF THE GROUP INSURANCE TRUST FOR EMPLOYERS IN THE SERVICES INDUSTRY, which is the Policyholder, of which AECOME is a subscriber.  It is pursuant to Policy FLK-980193 to which CARLILE is entitled to benefits.  Policy FLK-980193 is underwritten by LINA. A copy of the Disability Policy and Insurance Certificate as provided by LINA to CARLILE is attached hereto as Exhibit "A".

8. The Disability Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the Disability Policy and was the Plan

Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the Disability Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the Disability Policy, CARLILE is entitled to disability benefits for the duration of his disability, or age 67, so long as he remains disabled as required under the terms of the Disability Policy.

12. According to the Disability Policy,

> "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> The Insurance Company will require proof of earnings and continued Disability."

13. Since approximately January 11, 2020 CARLILE has been disabled under the terms of the Disability Policy.

14. Shortly after becoming disabled, CARLILE made a claim to LINA under the Disability Policy for long term disability benefits and benefits were initially approved and paid for the period of July 9, 2020 through December 18, 2020.

15. By way of a denial letter dated December 18, 2020, LINA informed CARLILE that it was denying his claim for continued long term disability benefits beyond December 18, 2020, as LINA was now contending that CARLILE no longer remained disabled under the terms of the policy.

16. CARLILE timely and properly appealed LINA's initial denial letter of December

18, 2020.

17. By letter dated August 19, 2021, LINA informed CARLILE that it was affirming its previous decisions to deny his claim for long term disability benefits beyond December 18, 2020, and informed CARLILE that all administrative remedies had been exhausted.

18. At all relevant times CARLILE complied with all conditions precedent and exhausted all administrative remedies under the Disability Policy.

19. At all relevant times, solely because of injury or sickness, CARLILE has been unable to perform all the material duties of his Regular Occupation and unable to earn 80% or more of his Indexed Earnings from working in his Regular Occupation.

20. At all relevant times, CARLILE has been under the regular care of a doctor.

21. At all relevant times, CARLILE was a Covered Person under the Disability Policy.

22. As of December 19, 2020, CARLILE has not received benefits owed to him under the Disability Policy despite CARLILE's right to these benefits.

23. LINA has refused to pay CARLILE's claim for long term disability benefits beyond December 18, 2020.

24. At all relevant times, LINA was the payer of benefits.

25. At all relevant times, LINA was the "Insurance Company" identified throughout the Disability Policy.

26. At all relevant times, LINA was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under

the Disability Policy and for deciding any appeals of denied claims.

27. At all relevant times, CARLILE has been and remains Disabled and entitled to disability benefits from LINA under the terms of the Disability Policy.

28. CARLILE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

29. CARLILE incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a)(1)(B), CARLILE, as a participant under the Disability Policy, is entitled to sue for judicial determination and enforcement of benefits.

32. CARLILE has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA's failure to pay him continued long term disability benefits.

33. CARLILE has exhausted all administrative remedies under the Disability Policy.

34. Defendant breached the Disability Policy and violated ERISA in the following respects:

    (a) Failing to pay long term disability benefit payments to CARLILE at a time when LINA knew, or should have known, that CARLILE was entitled to those benefits under the terms of the

Disability Policy, as CARLILE was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the Disability Policy documents, in relation to the applicable facts and Disability Policy provisions, for the denial of CARLILE's claim for disability benefits;

(c) After CARLILE's claim was denied in whole or in part, LINA failed to adequately describe to CARLILE any additional material or information necessary for CARLILE to perfect his claim, along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of CARLILE's disability claim and failed to provide a full and fair review of CARLILE's claim.

35. CARLILE believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the Disability Policy by other acts or omissions of which CARLILE is presently unaware, but which may be discovered in this future litigation and which CARLILE will immediately make LINA aware of once said acts or omissions are discovered by CARLILE.

36. Following the termination of benefits under the Disability Policy, CARLILE exhausted all administrative remedies required under ERISA and CARLILE has performed all duties and obligations on his part to be performed under the

Disability Policy.

37. As a proximate result of the aforementioned wrongful conduct of LINA, CARLILE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding CARLILE's claim for benefits, CARLILE, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CARLILE is entitled to have such fees and costs paid by LINA.

39. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, CARLILE is entitled to enforce his rights under the terms of the Disability Policy and to clarify his right to future benefits under the terms of the Disability Policy.

## REQUEST FOR RELIEF

WHEREFORE, CHRISTOPHER B. CARLILE prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of long term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Disability Policy, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Disability Policy for so long as Plaintiff remains disabled under the terms of the Disability Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 27, 2021

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com